In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-23-00076-CV
_____

IN RE HOME DEPOT U.S.A., INC.

_____

Original Proceeding
284th District Court of Montgomery County, Texas
Trial Cause No. 22-06-08438-CV
_____

MEMORANDUM OPINION

Home Depot U.S.A., Inc. petitions for mandamus relief from an order compelling discovery in a personal injury case filed by one of its employees, Brandon Giard. Home Depot, which doesn't claim it subscribes to workers compensation insurance, also doesn't claim it is statutorily immune from the claims in Giard's suit.

The crux of the dispute in this original proceeding revolves around two issues: (1) do the scope of topics on which Giard seeks to question Home Depot's corporate representative exceed the scope of discovery

1

under the rules of civil procedure as the topics relate to the facts of consequence relevant to Giard's claims; and (2) did Home Depot waive its objections to the scope of the topics covered in Giard's notice by failing to seek a protective order after receiving Giard's notice of deposition and by instead filing objections to the scope of Giard's notice.

We stayed the trial court's order so that Giard, as the real party in interest, could respond to Home Depot's petition. In his response, he argues the trial court did not clearly abuse its discretion in finding that Home Depot failed to properly preserve its objections to the scope of his notice, in compelling a second deposition of Home Depot's corporate representative to answer the questions covered by his notice since the topics address matters that are "relevant and discoverable[,]" and in ordering Home Depot to produce "safety related materials in response to his request for production."

For the reasons explained below, we conclude the trial court abused its discretion in ordering Home Depot to comply with Giard's notice and in compelling it to produce documents and materials when they are unrelated to facts of consequence to Giard's claims.

2

## Background

The scope of discovery in a lawsuit is framed by the allegations in the plaintiff's live pleadings, which on this record is Giard's First Amended Petition. In it, Giard alleged that while working as an employee of Home Depot in November 2020, he injured his back loading a zero-turn lawn mower onto a customer's trailer. Giard alleged that while employed by Home Depot, Home Depot was negligent in failing to:

1. provide a safe workplace;
2. provide safe and appropriate instrumentalities, equipment, and machinery;
3. adequately supervise employees;
4. adequately staff its stores;
5. hire competent and careful co-employees;
6. adequately train its employees, especially for tasks that are unusually precarious or involve a greater risk of injury than the employees' typical duties; and
7. refrain from instructing or requiring employees to use unreasonably dangerous methods to perform their work.

On January 14, 2023, Giard served Home Depot with a notice of deposition, which required Home Depot to designate one or more corporate representatives who were authorized and prepared to testify on ten topics in the notice.[1] *See* Tex. R. Civ. P. 199.2(1). Two days before

---

[1]According to the certificate of service that accompanies the notice, the notice of deposition was served by e-service. The topics listed are:

3

deposition, Home Depot served Giard with objections to the notice, objections that assert each topic fails to comply with the requirements in Rule 199.2, which is the rule that applies to depositions of corporate representatives. Rule 199.2 requires that the notice for the deposition of

a. Home Depot's policies, procedures, practices, and training relating to loading merchandise into customers' vehicles.

b. The safety training Home Depot provided to [Giard].

c. The safety rules applicable to [Giard] during his employment at Home Depot.

d. The safety rules applicable to loading heavy merchandise into customers' vehicles.

e. Home Depot's 'Safety Takes EveryONE' program.

f. Home Depot's sales of zero-turn mowers and other riding mowers and the process of loading them into customers' vehicles.

g. Equipment that could be used to load zero-turn and other riding mowers into customers' vehicles, its availability, the feasibility of adopting it and making it available to Home Depot's employees, and whether any such equipment was available to Plaintiff on November 6, 2020.

h. The number of employees working at Home Depot Store #6516—The Woodlands on November 6, 2020, and how Home Depot determines the necessary number of employees for a given day at a given store, including but not limited to all written policies and/or guidelines regarding the same.

i. The process by which Home Depot employees report injuries sustained at work and how Home Depot stores records of those injuries.

j. Home Depot's policies and procedures for retaining video of employees' injuries.

4

a company's corporate representative must "describe with reasonable particularity the matters on which the examination is requested." *Id.* 199.2(b)(1). As to each topic Giard listed in his notice, Home Depot also objected that the requests were overly broad "and not limited to a relevant or reasonable time period."

Still, in responding to the notice, Home Depot stated that subject to its objections it would produce Zulema Portillo, a store manager at the store where Giard was injured to testify "as to Home Depot's policies, procedures, practices, and training related to loading the subject lawn mower into a customer's vehicle, which were in effect at the time of the incident giving rise to this lawsuit."[2] No one disputes that in response to Giard's notice, Home Depot didn't seek a protective order prior to producing Portillo as its corporate witness. And there is no dispute that Giard did not ask the trial court to rule on Home Depot's objections before the deposition was scheduled to occur.

---

[2]The objections Home Depot lodged to the ten topics do not necessarily all use the exact same language, but a common theme runs through them all—Giard wasn't entitled to discovery under the Rules of Civil Procedure on matters that were either not relevant to facts of consequence in his suit or to matters that were too remote to when his accident occurred.

When Home Depot presented Portillo for the deposition, Giard's attorney asked her whether she was there "to talk about loading procedures related to riding lawn mowers, but no other heavy items that go into customers' vehicles." Portillo answered: "Yes sir." Yet when Giard's attorney began questioning Portillo about why Home Depot "believe[d] it [was] entitled" to limit her testimony to the procedures relevant to Giard's case, Home Depot's attorney interrupted, stating:

> We gave you our objection yesterday. If you want to ask her about lawn mowers, go ahead. She's not testifying — and I'm going to instruct her not to answer — about heavy merchandise. It's not relevant.

After that, Giard's attorney began questioning Portillo about the extent to which she would answer questions on the ten topics in the notice. Home Depot's attorney made it clear to Giard's attorney that she would instruct Portillo not to testify about the matters addressed in Home Depot's objections to the deposition notice. Yet Home Depot's attorney also made it clear that while Portillo was not there to explain to Giard's attorney why Home Depot had raised objections to Giard's deposition notice, she was there "to testify about the topics [on which she was being] presented[.]" When Giard's attorney asked whether Portillo would follow Home Depot's attorney's advice and decline to answer

6

questions to which Home Depot's attorney objected, Portillo replied: "Yes."

The exchanges between the attorneys went downhill from there. Giard's attorney said he had "information from numerous other suits" showing that Home Depot engaged in discovery abuse. He continued that Portillo's deposition was simply another example of how Home Depot had an "overwhelming amount of arrogance and refusal to follow the rules because, in [his] view, Home Depot thinks" its "just too big and powerful to care." Home Depot's lawyer responded: "[A]t this point you're harassing my witness." The deposition continued for another 140 pages, with frequent objections from Home Depot's attorney to the form of Giard's attorney's questions. Despite the back and forth, when Giard's attorney questioned Portillo on matters tied to Home Depot's procedures relevant to riding lawn mowers, the object Giard was moving when he claimed he had been injured while at work, Portillo answered.

Less than two weeks later, Giard filed a motion to compel, claiming Home Depot had obstructed discovery during the deposition of Home Depot's corporate representative. According to Giard's motion, Home Depot had "refuse[d] to produce a corporate representative on plainly

7

relevant topics, largely based on objections the Court overruled when Home Depot raised them in response to [Giard's] requests for production." When Home Depot responded, it argued that during the deposition of its corporate representative, Home Depot's attorney had a right to protect Portillo "from undue burden, unnecessary expense, harassment or annoyance," and that Home Depot's witness didn't engage in sanctionable conduct by "declining to answer questions about matters outside the scope of discovery" on which Portillo was being "presented to testify."

Home Depot also responded to Giard's complaint that it had refused to comply with the trial court's order compelling it to produce videos and documents that related to Giard's training. In its response, Home Depot argued it had produced documents and videos related to Giard's training on loading lawn mowers, and that to the extent it had not produced other documents or videos, Home Depot noted it had provided Giard's attorney with a list of training materials on topics clearly irrelevant to Giard's loading of lawn mowers, a list that shows he "completed dozens and dozens of training courses that have absolutely nothing to do with moving or loading large or heavy items like the lawn mower he claims he was

8

loading when he hurt himself." Some of these videos, Home Depot noted, were for training on "Privacy and Data Security Awareness," "Safe Handling of Christmas Trees," "Texas Citrus Quarantine Training," "Selling Credit for Merchandising," and "Workplace [H]arassment for Associates." Home Depot added that "at least 28 of the courses [Giard] took occurred *after* his accident."

The trial court considered Giard's motion to compel and to sanction Home Depot by submission. In February 2023, the trial court issued an eleven-page order, ordering Home Depot to produce a corporate representative to testify on the following ten topics:

> Topic 1: . . . loading merchandise other than the subject lawn mower into customers' vehicles[;]
> Topic 2: . . . safety training other than that safety training associated with loading the subject lawn mower into customers' vehicles[;]
> Topic 3: . . . safety rules imposed on Home Depot U.S.A., Inc.'s employees other than those associated with loading the subject lawn mower into customers' vehicles[;]
> Topic 4: . . . loading heavy merchandise other than the subject lawn mower into customer's vehicles[;]
> Topic 5: . . . Home Depot U.S.A., Inc.'s Safety Takes EveryONE program[;]
> Topic 6: . . . sales of zero-turn mowers and other riding mowers and . . . the process of loading them into customers' vehicles[;]
> Topic 7: . . . equipment that could be used to load zero-turn and other riding mowers into customers' vehicles, its availability, the feasibility of adopting it and making it available to Home Depot's employees[;]

9

Topic 8: . . . [the number of Home Depot employees working at the store where Giard was injured when his injury occurred and how Home Depot determines how many employees are needed at its stores on a given day[;]

Topic 9: . . . [t]he process by which Home Depot employees report injuries sustained at work and how Home Depot stores records of those injuries[;] and

Topic 10: . . . Home Depot's policies and procedures for retaining videos of employees' injuries.

As to Home Depot's production of training materials, the trial court ordered Home Depot to produce "all policy manuals, safety manuals, presentation slides, training materials, tests and test results, videos, and other safety-related materials that Home Depot contends were shown, taught, or provided to [Giard] during his employment at Home Depot." The next sentence of the trial court's order states that the order compelling production "does not include non-safety related topics[.]"

Addressing Giard's request for sanctions as the last of the matters addressed in its order, the trial court denied Giard's request and explained: "Because both sides are guilty of unprofessional conduct, as in football, the penalties are offset and the down (deposition will be replayed)." The trial court reminded the attorneys for both parties that the court expected them to "disagree without being disagreeable."

## Standard of Review

Mandamus will issue to correct a discovery order if there is a clear abuse of discretion and there is no adequate remedy at law. *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding). A trial court abuses its discretion when its ruling is so arbitrary and unreasonable that it constitutes a clear and prejudicial error of law. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding). A discovery order compelling a party to provide an opponent with discovery falling outside the bounds of the procedural rules that govern the proper scope of discovery is an abuse of discretion for which mandamus is the proper remedy. *In re Nat'l Lloyds Ins. Co.*, 507 S.W.3d 219, 223 (Tex. 2022) (orig. proceeding).

Under the Texas Rules of Civil Procedure, a party may generally obtain discovery about any matter that is not privileged when it is relevant to the subject matter of the pending action. *See* Tex. R. Civ. P. 192.3(a). Even so, the discovery requests that a party serves on an opponent must be "reasonably tailored to include only matters relevant to the case." *In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding). Here, the question is whether the topics and the

documents at issue in the trial court's order to compel are reasonably related or calculated to lead to the discovery of facts that will be material to the fact at issue in the parties' dispute.

Overly broad requests for irrelevant information are improper, whether they are burdensome or not. *In re Allstate Cty. Mut. Ins. Co.*, 227 S.W.3d 667, 670 (Tex. 2007) (orig. proceeding). An overly broad discovery request is one that seeks irrelevant information not properly tailored to the dispute at hand as to time, place, and subject matter. *In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 252 (Tex. 2021) (orig. proceeding).

"It is the discovery proponent's burden to demonstrate that the requested documents fall within the scope-of-discovery of Rule 192.3." *In re TIG Ins. Co.*, 172 S.W.3d 160, 167 (Tex. App.—Beaumont 2005, orig. proceeding). When a party propounds overly broad requests, the trial court must either sustain the objection or narrowly tailor the requests. *In re Mallinckrodt, Inc.*, 262 S.W.3d 469, 474 (Tex. App.—Beaumont 2008, orig. proceeding).

Whether the discovery is obtained by means of a deposition from a corporate representative or by serving a request to produce documents, discovery in a suit "may not exceed the bounds of the claims at issue in

the suit." *In re USAA Gen. Ind. Co.*, 624 S.W.3d 782 (Tex. 2021)(orig. proceeding). Under Rule 192.3(a) of the Rules of Civil Procedure, "a party may obtain discovery regarding any matter that is not privileged and is relevant to the subject matter of the pending action whether it relates to the claim of the party seeking discovery or the claim or defense of any party." Tex. R. Civ. P. 192.3(a). "Evidence is relevant if: (1) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."

The trial court's ruling compelling additional
testimony by a corporate representative from Home Depot

The trial court found Home Depot waived its objections to the scope of the topics covered by Giard's notice of its corporate representative by failing to obtain a ruling on its objections in advance of Portillo's deposition. Referring to Rule 199.4 in its order compelling Home Depot to produce a corporate representative to testify on the topics mentioned above, the trial court noted that Home Depot could have filed a motion for protective order or motion to quash the deposition Giard issued for Home Depot's corporate representative, which would have automatically stayed the deposition until the court could rule on its motion. *Id.* 199.4. Because Home Depot had that right, the trial court reasoned, it concluded

13

Home Depot had waived its right to complain about the breadth of the notice because it had failed to obtain a ruling on its objections before the deposition occurred. Consequently, without addressing the merits of Home Depot's objections to the scope of the topics in Giard's notice, the trial court granted Giard's motion to compel.

Home Depot contends it didn't waive its objections to Giard's notice by failing to obtain a ruling on them in advance. According to Home Depot, Giard could have set Home Depot's objections to his notice for hearing had he wanted to do so before Portillo's deposition occurred, but instead Giard chose to go forward with the deposition knowing Home Depot was producing Portillo subject to its objections, which essentially limited Home Depot's representative to discussing the training and equipment provided to Giard for loading lawn mowers into customers' vehicles. *See id*. 193.4 (providing that "any party may at any reasonable time request a hearing on an objection [to written discovery]"). And while Home Depot recognizes that Rule 192.6 of the rules of civil procedure allows a party a right to seek a protective order from a court and complain about the scope of a deposition notice, Home Depot argues the procedure in Rule 192.6 optional, not mandatory. Home Depot concludes that

because the Giard's notice asked Home Depot for discovery outside the bounds of proper discovery as it relates to a dispute over the loading of a riding lawn mower, the trial court abused its discretion in compelling its corporate representative to answer questions on matters that are not of consequence to Giard's suit. *See id*. 192.3.

In response to Home Depot's petition, Giard argues that Home Depot waived its objections to his notice of deposition because it didn't file a motion for protective order or a motion to quash. *See id*. 192.6, 199.4. And even if not waived, Giard adds, each topic on which he sought answers from Home Depot's representative was "proportionally tailored" and relevant to facts of consequence in Giard's suit. As to the part of the trial court's order compelling Home Depot to produce all safety-related materials that Home Depot provided to Giard, Giard argues the trial court did not abuse its discretion by ordering Home Depot to produce everything he requested since that the trial court had already made a similar ruling when it overruled similar objections Home Depot raised to his request asking Home Depot to produce all safety-related training materials that applied to Giard. Since Home Depot was required to produce those items to him by November 4, 2022, but didn't produce

them, and then waited until March 2023 to petition this Court for relief from the trial court's order, Giard argues, Home Depot waived its objection to the scope of the trial court's discovery orders regardless of their breadth.

We disagree with Giard that his discovery requests were narrowly tailored to the issues framed by the pleadings in his suit. The scope of discovery that applies to the various forms of discovery—requests for disclosure, requests to produce, interrogatories, requests for admission, oral and written depositions, and motions to compel physical or mental examinations—is governed by Rule 192. *See id*. 192.1 (Forms of Discovery), 192.3 (Scope of Discovery). As to protective orders, Rule 192.6 provides that "a person from whom discovery is sought . . . *may* move . . . for an order protecting that person from the discovery sought." *Id*. 192.6 (emphasis added by the Court). Under the plain language of the rule governing protective orders, the rule allows a party to file a motion, but it is not mandatory. *Id*. Along with that, Rule 192 doesn't provide that timely-filed objections to deposition notices (or other discovery requests) are waived unless the party seeks a protective order from the discovery by filing a motion with the court. *See id*. 192. Nor does Rule 192.6 state

16

that filing a protective order is the exclusive method for a party to protect itself from answering an opposing party's overly broad discovery. *Id.* 192.6, 192.3.

The rule that directly addresses objections to depositions of corporate representatives when the representative is not testifying as an expert is Rule 199. *Id.* 199. Under that rule, "the notice must describe with reasonable particularity the matters on which the deposition is requested." *Id.* 199.2(b)(1). During the deposition, an attorney may instruct a witness not to answer a question "if necessary to preserve a privilege, comply with a court order or these rules, protect a witness from an abusive question or one for which any answer would be misleading, or secure a ruling pursuant to paragraph (g)." *Id.* 199.5(f). Rule 199.5(e) also allows an attorney to instruct a witness not to answer questions during a deposition to protect a witness from an abusive question or to secure a ruling that the deposition is being conducted in violation of the rules of civil procedure. *Id.* 199.5(e). A comment to the rules of procedure makes it clear that abusive questions include questions that inquire into matters clearly beyond the scope of discovery. *See id.* 199.6 cmt. Finally, Rule 199.5 requires the parties to seek a ruling from the court when,

17

during the deposition, a dispute erupts when the party presenting the witness and the party who is questioning the witness disagree about whether the deposition is being conducted as required by the Rule 199—they "may suspend the oral deposition for the time necessary to obtain a ruling." *Id*. 199.5(g). Thus, the rule that specifically applies to depositions of corporate representatives expressly allows objections like those Home Depot's lawyer raised to be made for the first time in the deposition.

In conclusion, Rule 199 does not provide that a party waives it objections to the scope of the topics covered by a notice in a deposition for a corporate representative when the party fails to move for a protective order in advance of the deposition. Instead, Rule 199 allows the objections to be raised during the deposition, which is what Home Depot did here. When a discovery issue arises during the deposition of a company's corporate representative, one of the attorneys or the witness may "suspend the oral deposition for the time necessary to obtain a ruling." *Id*. 199.5(e), (f). Because Home Depot did more than they were required to do here by objecting before the deposition occurred and by objecting during the deposition to questions that it argues are outside the proper

scope of discovery, we conclude the trial abused its discretion in concluding Home Depot's objections were waived.

We further conclude Home Depot was harmed by the trial court's ruling. The trial court's order—which requires Home Depot's corporate representative to answer questions that relate to Giard's training on matters of safety regardless of whether the training is related to his loading of lawn mowers or his injury—goes far beyond the permissible scope of proper discovery under Rule 192.3. *See id*. 192.3(a). A central consideration in determining overbreadth is whether Giard's notice could have been more narrowly tailored. *See In re CSX Corp*., 124 S.W.3d at 153 ("A central consideration in determining overbreadth is whether the request could have been more narrowly tailored to avoid including tenuous information and still obtain the necessary, pertinent information.").

When a trial court is faced with a motion asking it to compel discovery to a party's overly broad discovery request, it has a choice—it may choose to engage in battlefield triage and narrow the discovery so the discovery complies with the rules, or it may instead choose to sustain the opposing party's objections and place the burden of serving proper

19

discovery on the party that had the burden of narrowly tailoring its discovery to the rules. *See In re Mallinckrodt, Inc.*, 262 S.W.3d at 474; Tex. R. Civ. P. 192.3. As to the topics in the notice of deposition at issue here, we leave it to the trial court to decide what course of action it wishes to take.

The trial court's ruling compelling Home Depot to produce
all safety-related materials shown, taught, or provided to Giard

When it decided to enforce its motion to compel, the trial court refused to revisit Home Depot's argument that it shouldn't be required to produce training materials and videos that were unrelated to the subject of loading lawn mowers and as a result, according to Home Depot, not relevant to a fact of consequence in the dispute. Home Depot supported its argument that the items were not relevant with a list of the training videos and materials it provided to Giard's attorney and to the trial court, which were viewed by Giard.

In this proceeding, Home Depot argues that when it responded to the trial court's order compelling it to produce all safety-related videos and materials viewed by Girard in discovery in November 2022, it did so by producing copies of items, documents, and videos, relevant to Giard's training on moving and lifting of items like lawn mowers, the tasks Giard

20

claims he was performing when he was allegedly injured. According to Home Depot, it has satisfied its obligation to provide Giard with the discovery that is relevant to his claims given the scope of discovery that governs the parties' dispute. Home Depot concludes that by compelling it to produce "all materials related to safety" shown, taught, or provided to Giard during his employment, the trial court has required it to produce items clearly irrelevant to facts of consequence in the dispute and outside the bounds of discovery, as the safety training materials it must produce include not information not relevant to lifting, but information not relevant to his injury consisting of 28 training courses he took after his injury occurred.

We agree with Home Depot that Giard's discovery request and the trial court's order compelling discovery require it to produce items that are well outside the proper bounds of discovery. Based on the titles of the items on Home Depot's list, items the trial court expressly stated it did not review to evaluate their relevance to Giard's suit, it appears the items Home Depot withheld are unlikely to contain information relevant to facts of consequence in a suit that involves an injury resulting from loading a lawn mower into a customer's vehicle. Even though we

recognize that parties have some latitude in fashioning proper discovery requests, the trial court's order compels Home Depot to produce over a hundred items Home Depot used during Giard's training that might possibly be said to relate to "safety" in a general sense, but given the documents' titles, we cannot see how subjects ranging from defibrillators to workplace violence are relevant to the facts of consequence in this dispute.

Simply put, the discovery request on its face falls well outside the bounds of proper discovery because the scope of the requested production represents "not merely an impermissible fishing expedition; it is an effort to dredge the lake in hopes of finding a fish." *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995) (orig. proceeding). A trial court's discovery order is overly broad when the trial court could have more narrowly tailored its order to avoid requiring the production of information not relevant to the dispute. *See In re CSX Corp.*, 124 S.W.3d at 153. We conclude the trial court abused its discretion by compelling Home Depot to produce "all policy manuals, safety manuals, presentation slides, training materials, tests and test results, videos, and other safety-

safety related materials [Home Depot] contends were shown, taught, or provided to Plaintiff during his employment at Home Depot."

Separate from the issue of the request's breadth, Giard argues Home Depot's four-month delay in seeking relief from the trial court's order compelling Home Depot to comply with his request to produce the safety-related materials to him by November 4, 2022, bars Home Depot from seeking relief from the trial court's order to enforce its order to compel under the equitable doctrine of laches. We disagree. We conclude that Home Depot preserved its objection to producing the information at issue by filing a timely objection and asserting the request was overly broad, as the positions of the parties as related to the items at issue haven't materially changed since the day the trial court's order required Home Depot to produce them, November 4, 2022, and the day Home Depot petitioned this Court for relief in March 2023.

First, it appears Giard has been provided training videos and documents that are relevant to his training on lifting and on loading mowers. By Giard's count, as of November 4, 2022, Home Depot had given him five videos and 20 pages of documents along with a list identifying 114 training programs that he received at Home Depot. Second, after

23

November 4 and before Portillo's deposition on January 27, 2023, Giard took Portillo's deposition without filing a motion complaining that Home Depot had refused to comply with the trial court's order compelling Home Depot to produce all safety-training materials and videos by November 4. So when Giard saw the titles of the items on which Giard had been trained and knew they appeared unrelated to his training on loading lawn mowers and lifting, he apparently didn't believe these other items were needed for the deposition of Home Depot's corporate representative. Third, despite the fact Giard argues in his motion for sanctions that the items Home Depot withheld from him are relevant, the items include titles like "flat bed safety," "solving difficult customer situations," "what to do when you don't know," and other safety programs with titles that appear to have no connection to the facts of consequence in the dispute.[3]

For its part, Home Depot argued when it was in the trial court and in response to Giard's motion to compel that on November 4, 2022, it produced documents responsive to Giard's request to produce after accounting for a Rule 11 agreement the parties made after the trial court

---

[3]At its option, the trial court may require Home Depot to submit these training materials to the court for an in camera inspection and narrowly tailor Giard's request, if it wishes to undertake that burden.

signed the October 2022 order compelling production. According to Home Depot, the Rule 11 agreement limited Home Depot's discovery obligations to documents tied to Giard's training on lifting or loading heavy objects. It makes that same argument here. We disagree with Home Depot that the Rule 11 agreement Home Depot relies on applies to the specific request at issue here. Even so, we nonetheless conclude the trial court could have and should have reconsidered its ruling on whether Home Depot should have been required to comply with Giard's overly broad request to produce. *See In re Panchakarla,* 602 S.W.3d 536, 540 (Tex. 2020) (orig. proceeding) (observing that trial courts have the power to set aside interlocutory orders any time before rendering a final judgment).

Generally, to obtain review in an ordinary appeal of an alleged error, appellants must show they raised a timely complaint about the matter when they were in the trial court and secured a ruling on their objection. Tex. R. App. P. 33.1. As to the timing of the objection here, Rule 193.2 requires that a party object to an opposing parties' request to produce "within the time for response[,]" which for a request to produce is generally 30 days. Tex. R. Civ. P. 193.2(a), 196.1(e). No party claims Home Depot did not file a timely objection to the request at issue here.

25

Even though this is not an ordinary appeal, Home Depot could raise its complaint that the trial court required it to comply with a request to produce that exceeded the bounds of discovery under the rules of procedure, although by then it would either have produced the material to comply with the court's order or faced sanctions for failing to comply. The point is, however, that the error was preserved by the timely filing of the objection, and therefore Home Depot could continue to assert the discovery order was issued in error when it did not comply with the order, given the delay and circumstances at issue here.

Even though there are occasions that a delay in filing a petition for mandamus may result in the waiver of a parties' right to relief, there are no established guidelines on when the waiver occurs. Instead, when an appellate court applies laches to bar a relator's right to mandamus relief for a lack of diligence in seeking relief, it is the appellate court that determines whether laches should apply. *See Rivercenter Assocs. v. Rivera,* 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding); *In re Allstate Prop. & Cas. Ins. Co.,* No. 09-20-00031-CV, 2020 WL 1879659, at *1 (Tex. App.—Beaumont Apr. 16, 2020, orig. proceeding) (mem. op.).

Generally, laches requires that a party show an unreasonable delay occurred and a good faith and detrimental change in position by the real party in interest resulted from the delay. *In re Laibe Corp.*, 307 S.W.3d 314, 318 (Tex. 2010) (orig. proceeding). But here, Giard has not shown that a delay of around four months resulted in any detrimental change in his position—he didn't have the records at issue here on November 4, 2022, and he didn't have them when Home Depot filed its petition for mandamus relief with this Court on March 9, 2023. As it relates to Giard's request to produce, we conclude the doctrine of laches does not apply under the circumstances before us here.

## Conclusion

We lift our stay order and conditionally grant Home Depot's petition. *See In re Nat'l Lloyds Ins. Co.*, 507 S.W.3d at 223. We are confident the trial court will vacate its February 27, 2023, order granting Giard's motion to compel discovery and consider Home Depot's objections on their merits before ruling on the motion.

27

A writ of mandamus will issue only if the trial court fails to comply.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on April 19, 2023
Opinion Delivered August 3, 2023

Before Horton, Johnson and Wright, JJ.